IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC BATES, et al.,

                Plaintiffs,

    v.

UNITED PARCEL SERVICE, INC.,

                Defendant.

NO. C99-2216 TEH

<u>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>

        This matter came before the Court on December 13, 2010, on the parties' joint motion for final approval of the class action settlement in this case. After carefully reviewing the parties' written and oral arguments, as well as the objections submitted, the Court finds that the proposed settlement is fundamentally fair, adequate, and reasonable. The Court therefore GRANTS final approval of the settlement, and IT IS HEREBY ORDERED that:

        1.    This order incorporates by reference the definitions in the Final Settlement Agreement and Release ("Agreement") and the Amendment to Settlement Agreement. All terms defined therein shall have the same meaning in this order as set forth in the Agreement.

        2.    The Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all settlement class members.

        3.    For the purpose of determining whether the terms of the proposed settlement should be approved as fair, adequate, and reasonable, the Court has evaluated the settlement with respect to the following class certified by the Court and expressly defined in the parties' Agreement at section 2.2:

Named Claimants and those persons throughout the United States who (i) have been employed by UPS and/or have applied for a driving position with UPS at any time since June 25, 1997 through the Effective Date of the Agreement, (ii) use sign language as a primary means of communication due to hearing loss or limitation, (iii) allege that their rights have been violated under Title I of the Americans with Disabilities Act and/or California civil rights laws on account of UPS's policies and procedures related to driving, and (iv) failed or would fail the hearing standard promulgated by the Department of Transportation ("DOT") for drivers of commercial vehicles.

4. The parties have amended their Agreement to provide for a two-year extension of the Hearing Protocol.

5. The Agreement is fair, adequate, and reasonable under the standards articulated in Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Agreement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations between the parties. Settlement at this time will avoid substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the claims covered by the Agreement. The Court has reviewed the relief granted as part of the Agreement and recognizes the significant value to the class of the injunctive relief provided by the settlement.

6. The notice given to class members fully and accurately informed all class members of all material elements of the proposed settlement; constituted the best notice practicable under the circumstances; constituted valid and sufficient notice to all class members; provided class members with an adequate opportunity to object to the settlement; complied fully with Rule 23 of the Federal Rules of Civil Procedure; and satisfied due process.

7. The Court finds that the parties' request for a fee award of $5,250,000 for Class Counsel is fair and reasonable and satisfies the requirements of Rule 23(h) of the Federal Rules of Civil Procedure. The fee award is lower than Class Counsel's actual lodestar and was negotiated with the assistance of the Honorable Jeremy D. Fogel   The fee award is hereby approved.

1    8.   The Clerk shall close the file.  However, the Court will retain continuing
2 jurisdiction over this action until the Agreement terminates on July 29, 2012.

**IT IS SO ORDERED.**

Dated:   12/13/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3